[No. 41854-1-II.   Division Two.   May 14, 2013.]

THE STATE OF WASHINGTON, *Respondent*, v. DENNIS L. TOLLES, *Appellant*.

*John A. Hays*, for appellant.

*Anthony F. Golik, Prosecuting Attorney*, and *Anne M. Cruser, Deputy*, for respondent.

¶1 WORSWICK, C.J. — A jury found Dennis Tolles guilty of first degree child rape and attempted first degree child molestation of KJ. He argues (1) the trial court violated his court rule time for trial rights and (2) the trial court erroneously admitted expert testimony from a child abuse investigator. In a statement of additional grounds, he argues that the trial court erred (1) in ruling that KJ's hearsay statements were spontaneous and thus admissible and (2) by denying his midtrial motion to sever the attempted child molestation charge from the other charges. We affirm.

## FACTS

¶2 In 2003, KJ told her mother that Tolles had attempted to sexually molest her. She later revealed that Tolles had raped her on at least four prior occasions. The

State charged Tolles with three counts of first degree child rape, and Tolles was arraigned May 30, 2003. When KJ refused to cooperate with the State, it dismissed the charges on July 7, 2003. At the time the State dismissed the case, Tolles had been in continuous custody for 37 days.

¶3 In 2010, KJ decided to cooperate with the State regarding the charges against Tolles. The prosecutor accordingly filed a new information on July 7, charging Tolles with four counts of first degree child rape and one count of attempted first degree child molestation. When the new information was filed, Tolles was on probation in Oregon. Tolles failed to appear for his summonsed arraignment, and the trial court issued a warrant. He was arrested in Oregon on August 13 and brought to custody in Clark County on August 17. Tolles's trial was set for September 13.[1] Tolles moved to dismiss the charges against him for violation of his court rule time for trial rights.

¶4 The trial court found[2] that Tolles spent 37 days in jail before the 2003 charges were dismissed and that when the charges were refiled on July 7, 2010, Tolles was "subject to conditions of release" in Oregon. Clerk's Papers (CP) at 26. Tolles was in custody in Clark County beginning August 17, and his trial was set for September 13.

¶5 The trial court ruled that the 2003 version of the time for trial rule, CrR 3.3, would apply. But the trial court further ruled that Tolles's challenge failed under both the 2003 version and the present version of CrR 3.3. The trial court concluded that under current CrR 3.3(e)(6), "[s]ince the defendant is subject to conditions of release in the state of Oregon the Washington speedy trial time is excluded." CP at 27-28.

---

[1] Tolles incorrectly states that his trial was set for September 16 in his brief, He makes no argument that the trial court erred in finding that trial was set for September 13.

[2] Tolles does not challenge the trial court's findings of fact on his CrR 3.3 motion, making them verities on appeal. *State v. Bryant*, 74 Wn. App. 301, 305, 872 P.2d 1142 (1994).

¶6 Pretrial, Tolles filed a motion in limine to exclude "opinion evidence on delayed reporting or changing of story's [sic] by child witness . . . since no expert on that subject matter has been identified." CP at 88. The trial court reserved ruling on this motion.

¶7 At trial, the State called retired child abuse investigator Steven Norton, who interviewed KJ in 2003. Before Norton's testimony, defense counsel addressed the possibility that Norton would testify about "delayed reporting," arguing, "I don't know what—his expertise, I think, is based on his experience. I don't know beyond that." 2B Report of Proceedings (RP) at 370. The trial judge replied that he would rule on any objections raised during Norton's testimony.

¶8 During the State's direct examination of Norton, the following colloquy occurred:

Q. Mr. Norton, in your experience, is it unusual for kids to limit their disclosures when they talk to somebody about abuse?

[DEFENSE]: Objection. Lack of foundation. He's not in an [sic] position to give an expert opinion.

[STATE]: I believe the foundation has been established. He is a child abuse investigator for thirty years. He has interviewed thousands of kids.

[COURT]: I'm going to allow the answer. You may answer.

MR. NORTON: Could I hear the question again, please?

. . . .

Q. I was asking—Mr. Norton, based on your experience and the interviews that you have done, is it—is it unusual for kids to limit the disclosures that they make to investigators or to other people?

A. I would say yes, that can happen and I have a [sic] seen it happen numerous times. A lot of times you will see that—the disclosure regarding abuse is—you know, they will see how you react to that. If you show no reaction then more will be disclosed, kind of on a continuum. I don't believe it is unusual to see children make an initial disclosure to the investigating officer and then, by the—

[DEFENSE]: Still objection. I think it is somewhat non-responsive in terms that he is lecturing the jury.

[COURT]: I'm going to permit him to go ahead with what he is doing. He's answering the question.

[A.] And then, by the time that the prosecutor's office and the defense interview them, there is more information that comes out.

2B RP at 378-80.

¶9 The jury found Tolles guilty on one first degree child rape charge and on the charge of attempted first degree child molestation, and not guilty of the remaining three first degree child rape charges. Tolles appeals.

## ANALYSIS

### TIME FOR TRIAL

¶10 Tolles first argues that the trial court violated his time for trial rights. He argues that the trial court abused its discretion by ruling that former CrR 3.3 (2003) applied and that his time for trial rights were violated under the current rule. We agree that the trial court erred by applying former CrR 3.3, but we hold that Tolles's time for trial rights were not violated under the current version of the rule. We hold that Tolles's time for trial was tolled during his conditions of release in Oregon and began to run once he was in custody in Washington.

¶11 We review a trial court's application of the time for trial rule, CrR 3.3, de novo. *State v. Kindsvogel*, 149 Wn.2d 477, 480, 69 P.3d 870 (2003); *State v. Nelson*, 131 Wn. App. 108, 113, 125 P.3d 1008 (2006). Failure to strictly comply with CrR 3.3 requires dismissal, whether or not the defendant can show prejudice. *State v. Raschka*, 124 Wn. App. 103, 112, 100 P.3d 339 (2004). A trial court's unchallenged findings of fact on a CrR 3.3 motion to dismiss are verities on appeal. *State v. Bryant*, 74 Wn. App. 301, 305, 872 P.2d 1142 (1994).

## A. *Current Version of CrR 3.3 Applies*

¶12 Tolles argues that the trial court erred by applying former CrR 3.3 instead of the version in effect at the time of Tolles's motion to dismiss. The State concedes this point.

¶13 The trial court here ruled that former CrR 3.3 would apply "in the interest of justice" but gave no rationale for this conclusion. This was error. Although a trial court may apply a previous version of the criminal rules in the interest of justice under CrR 1.3(b), it must provide a rationale and may not simply state its conclusion. *State v. Jack*, 87 Wn.2d 467, 469, 553 P.2d 1347 (1976). However, the trial court also ruled that Tolles's rights were not violated under the present version of CrR 3.3. As analyzed below, the trial court was correct on this point.

## B. *No Time for Trial Violation Occurred*

¶14 Tolles argues that his time for trial rights were violated because the time for trial began to run on July 7, 2010, when the charges against him were refiled. We hold that because Tolles was under conditions of release in Oregon until brought to custody in Clark County on August 17, his time for trial rights were not violated.

¶15 Under CrR 3.3(b)(1), a defendant who is detained in jail must be brought to trial within 60 days after the time for trial commencement date. Under CrR 3.3(c)(1), the initial commencement date is the date of arraignment. But under CrR 3.3(e), certain occurrences trigger excluded periods that do not count toward the 60 day time limit for trial.

¶16 Under CrR 3.3(b)(5), the time for trial cannot expire less than 30 days after the end of any excluded period. In other words, if fewer than 30 days remain on the time for trial period at the end of an excluded period, the State has a full 30 days to bring the defendant to trial. Because Tolles had already spent 37 days in jail on the

charges in 2003, the State had 30 days to bring him to trial after the end of any excluded period.

¶17 Under CrR 3.3(e)(4), one such excluded period is "[t]he time between the dismissal of a charge and the refiling of the same or related charge." Another excluded period is "[t]he time during which a defendant is detained in jail or prison outside the State of Washington or in a federal jail or prison *and the time during which a defendant is subjected to conditions of release not imposed by a court of the State of Washington.*" CrR 3.3(e)(6) (emphasis added). Both of these excluded periods are relevant here because the State dismissed the 2003 charges against Tolles and refiled them on July 7, 2012, when Tolles was under conditions of release in Oregon.

¶18 Tolles argues that the time for trial began to run again when the State refiled the charges on July 7. Tolles's trial was set for September 13, 68 days after the refiling of the charges, well outside the 30 days normally allowed under CrR 3.3(b)(5). But Tolles's time for trial rights were not violated on this basis because on July 7, when the charges were refiled, another excluded period still applied: Tolles was under conditions of release imposed by an Oregon court. CrR 3.3(c)(6). We hold that this excluded period did not end until Tolles was brought to custody in Clark County on August 17. The September 13 trial date was 27 days after this additional excluded period ended, within the 30 day limit that CrR 3.3(b)(5) imposes. Tolles's claim on this point fails.[3]

---

[3] The State notes in its briefing that a summons was issued to Tolles, and that he failed to appear at the designated hearing. A failure to appear resets the time for trial commencement date to the date of the defendant's next appearance. CrR 3.3(c)(2)(ii). Here, the State may have had 60 days from Tolles's next appearance on August 17 to bring Tolles to trial. But neither party addressed this issue below, nor do they address it on appeal. Because the effect of Tolles's failure to appear has not been briefed or argued, we do not consider it.

The time during which a defendant is detained in jail outside of Washington is also an excluded period. CrR 3.3(e)(6). The prosecutor stated on the record that Tolles was arrested in Oregon on August 13. Presumably, this means that Tolles was held in jail in Oregon until he was brought to Clark County on August 17. But

¶19 *State v. Chhom*, 162 Wn.2d 451, 173 P.3d 234 (2007) supports our holding. In *Chhom*, our Supreme Court considered former CrRLJ 3.3(g)(5) (1995), which has been recodified without substantive changes as CrRLJ 3.3(e)(6). 162 Wn.2d at 454 n.1. Under former CrRLJ 3.3(g)(5), the time when a defendant was detained in jail "outside the county" was an excluded period for time for trial purposes. The *Chhom* court addressed whether an excluded period existed when a defendant was detained in jail outside the county, pursuant to a city's agreement with the outside county to house the defendant. 162 Wn.2d at 454-55. The court eschewed a literal reading of former CrRLJ 3.3(g)(5), holding that the words "outside the county" meant outside the trial court's jurisdiction. 162 Wn.2d at 459-60. And the court noted that the heading of the current rule. CrRLJ 3.3(e)(6), "*Defendant Subject to Foreign or Federal Custody Conditions*," clarified the jurisdictional focus of the rule. 162 Wn.2d at 460.

¶20 The court found further support for this interpretation in the analogous superior court rule, former CrR 3.3(g)(6) (2001). 162 Wn.2d at 460. Former CrR 3.3(g)(6) has been recodified without amendment as CrR 3.3(e)(6), which is the rule at issue here. The court noted that former CrR 3.3(g)(6) created an excluded period when the defendant was "beyond the jurisdictional reach of the State and thus not amenable to process, either because the defendant is outside the State's geographical borders or because the defendant is subject to federal process." 162 Wn.2d at 460.

¶21 The *Chhom* court did not address the portion of former CrR 3.3(g)(6) and current CrR 3.3(e)(6) at issue here, that an excluded period exists when the defendant is "subjected to conditions of release not imposed by a court of the State of Washington." But *Chhom*'s rationale applies. The focus of CrR 3.3(e)(6) is jurisdictional. Therefore, the excluded period created by a defendant's foreign conditions

the trial court made no findings on this issue, neither party addressed it below, and neither party addresses it on appeal. We accordingly do not address this issue.

of release ends when a Washington court obtains jurisdiction over the defendant by way of the defendant's being brought to custody in Washington.[4]

¶22 Tolles relies on *Chhom* to argue that the trial court erred by finding that he was under a continuous excluded period even while incarcerated in Clark County. He argues that under *Chhom*, the excluded period ended when he was brought to custody in Clark County on August 17. We agree, although by being correct on this point, Tolles shows why his time for trial rights were not violated. Because trial was set 27 days after the end of the excluded period when he was brought to Washington custody on August 17, the trial was held within the time limit that CrR3.3(b)(5) imposed and Tolles's time for trial rights were not violated. His claim to the contrary fails.

¶23 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

QUINN-BRINTNALL and VAN DEREN, JJ., concur.

---

[4] We do not decide that a defendant's being brought to custody in Washington is the only way for a trial court to obtain jurisdiction over a defendant and end the excluded period at issue.