FILED
COURT OF APPEALS
DIVISION II

2013 DEC 20 AM 8:35

STATE OF WASHINGTON

BY_____
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42707-9-II |
| Respondent, | |
| v. | |
| JEFFREY S. MOORE, | Consolidated with |
| Appellant. | |
| STATE OF WASHINGTON, | No. 42715-0-II |
| Respondent, | |
| v. | |
| MARIO GADEA-RIVAS, | PUBLISHED OPINION |
| Appellant. | |

HUNT, J. — Jeffrey S. Moore and Mario Gadea-Rivas appeal the superior court's affirmance of the district court's denial of their motions to dismiss their driving under the influence (DUI) charges for failure to comply with CrRLJ 3.3 time for trial rules. Both argue that the superior court erred in ruling (1) that the district court's failure to set a timely trial date was cured under CrRLJ 3.3(a)(4); and (2) that Moore's failure to appear at motion hearings reset the time within he must have been brought to trial under CrRLJ 3.3.[1] Holding that failure to set

_____

[1] Moore also assigns error to the superior court's ruling that his attorney had an ethical duty to notify him of court hearings under the Washington Rules of Professional Conduct.

trial within the time limits of CrRLJ 3.3 requires dismissal, we reverse the superior court and remand to the district court to dismiss these charges with prejudice.

FACTS

Both Jeffrey S. Moore and Mario Gadea-Rivas were arrested for driving under the influence of alcohol in 2009, a violation of former RCW 46.61.502 (2008). Moore submitted to a breathalyzer test.[2]

I. DISTRICT COURT

A. Moore

Moore, who was out of custody, was arraigned in district court on May 11, 2009; the court scheduled a pretrial hearing for June 11. The next few months involved several pretrial hearing reschedulings and Moore's multiple waivers of his time for trial rights under CrRLJ 3.3. On July 2, 2009, Moore filed his first waiver of his time for trial rights, effective through December 1, 2009; at the October 6 pretrial hearing, the district court set his trial for November 30 but later cancelled it without setting a new trial date. Thus, when Moore filed his last time for trial waiver at the May 24, 2010 pretrial hearing, the district court had not set a trial date.

Docket entries reflect that Moore was present with his attorney for some, but not all, of the numerous hearings and scheduling conferences leading up to this May 24 pretrial hearing. The State never objected to Moore's absence from hearings he did not attend. And the district

---

[2] The record before us does not specifically reflect that Gadea-Rivas also submitted to a breathalyzer test. Nevertheless, we infer from his motion to suppress that this was the case. This fact, however, is not relevant to the time for trial issues in the instant appeal.

court neither issued any bench warrants for Moore's "failure to appear" nor otherwise required his presence.

On May 14, ten days before his May 24 pretrial hearing, Moore filed a second motion to suppress—part of the joint "Vosk Uncertainty Motion" (Vosk Motion) to suppress brought by approximately 114 defendants and multiple defense attorneys. Clerk's Papers (CP) (Moore) at 43. Moore and his counsel were present for the May 24 pretrial hearing, at which the district court scheduled the Vosk Motion hearing (including Moore's second motion to suppress) for June 25. Also on May 24, Moore filed his fourth and final time for trial waiver, resetting his commencement date to June 1 and his expiration date 90 days later, on September 1.[3] Apparently expecting that the Vosk Motion would be resolved before this September 1 expiration date, the district court did not set a new trial date for Moore.

On June 2, 2010, the district court accepted Moore's waiver of his right to appear at the Vosk Motion hearing. The court's docket reflects that Moore was not present at any additional hearings until his February 17, 2011 pretrial hearing. Again, the record includes no orders requiring Moore's presence at these interim hearings or any bench warrants for his failures to appear. Instead, the district court sent notices of continued Vosk Motion hearing dates to only

---

[3] The record before us on appeal shows that Moore filed his last time for trial waiver on May 24, 2010, which reset his commencement date to June 1, 2010, and reset his 90-day time for trial expiration date to September 1, 2010. We note, however, that other parts of the record are unclear about the expiration of Moore's last time for trial waiver: (1) The court docket says that Moore "WAIVES SPEEDY TRIAL TO SEPTEMBER 1, 2010," CP (Moore) at 10; (2) in his district court motion to dismiss, Moore argued that he had "extended his speedy trial time limit to December 10, 2010," CP (Moore) at 31; (3) in his Application for Writ of Prohibition to the superior court, Moore stated that "he waived speedy trial through December 1, 2010," CP (Moore) at 39; and (4) Moore's counsel listed December 1 and December 10 deadlines in his brief, the bases for which are not clear.

the defense attorneys, not to the defendants themselves. Thus, the district court sent notice to only the defense attorneys when it bifurcated the Vosk Motion hearing, set defense arguments for June 25, and set the State's arguments 40 days later.

On June 15, the State moved to continue the Vosk Motion; the district court scheduled a hearing on this continuance motion for August 27. Moore was not present at the August 27 hearing, at which (1) the district court granted the State's request to continue the Vosk Motion hearing and set another status hearing in Moore's case for September 24; (2) Moore's counsel did not object to resetting the status hearing beyond the September 1 time for trial expiration date; (3) Moore did not again waive his time for trial; and (4) the district court did not reset Moore's trial date to commence before the existing September 1 expiration date.

A month later, at Moore's September 24 status hearing, the district court reset the Vosk Motion hearing for November 5. The record does not show that Moore's defense counsel objected to this hearing date, which was beyond the expiration of Moore's last time for trial expiration date, September 1. Again, Moore filed no additional time for trial waiver, and the district court did not set a new trial date. On October 27, the State again moved to continue the Vosk Motion hearing. At a November 3 teleconference hearing on this continuance motion, Moore's counsel raised general concerns about "speedy trial" rights for all defendants[4]; nevertheless, the district court granted the State's requested continuance and set the Vosk Motion

---

[4] Moore's defense counsel declared that he had filed a written objection to Moore's trial continuance from November 5 to December 13, but only in the lead case on the Vosk Motion, *State v. Gunderson*, 8Y6054725. *See* CP at 45, n.1. The record does not show that Moore filed a separate objection in his case.

hearing for December 13, again without setting a new trial date for Moore. CP (Moore) at 45. Neither Moore, nor his counsel, was present for the December 13 Vosk Motion hearing.

On January 20, 2011, the district court denied the Vosk Motion as to all the defendants. The next day, it issued a notice setting Moore's pretrial hearing for February 17. Both Moore and his counsel appeared at this February 17 pretrial hearing, at which Moore (1) orally moved to dismiss the DUI charge because his time for trial had expired[5]; and (2) objected to setting trial dates outside the existing time for trial deadlines. The next month, at a March 29 pretrial hearing, Moore filed a written motion to dismiss for failure to bring him to trial within the time for trial rules.

On April 1, the district court set an April 21 hearing on Moore's motion to dismiss and set a new trial date for May 18. The district court granted the State's motion to continue the April 21 motion hearing until May 5; at the May 5 hearing, the district court denied Moore's motion to dismiss.

### B. Mario Gadea-Rivas

Mario Gadea-Rivas was arraigned, out of custody, in district court on December 2, 2009. Over the course of multiple pretrial hearings, he waived his time for trial several times. His fourth and last waiver expired December 31, 2010.

---

[5] As promised, Moore followed up with a written motion, which stated that his time for trial had expired on December 1, December 10, or December 31, 2010. These dates differ from Moore's waivers in the record before us on appeal. See *Spindle* (Moore) (District Court Speedy Trial Waivers) (reflecting that Moore's first speedy trial waiver expired December 1, 2009, second waiver expired February 18, 2010, third waiver expired June 1, 2010, and fourth waiver expired September 1, 2010). See also n.3, *supra*.

On May 14, 2010, Gadea-Rivas filed a motion to suppress the results of his breathalyzer test. The district court combined his motion to suppress with the Vosk Motion. Like Moore, Gadea-Rivas waived his presence for the Vosk Motion hearings. The district court set a hearing on the Vosk Motion for November 3, then rescheduled it to December 13.[6] On January 20, 2011, the district court denied the Vosk Motion.

At Gadea-Rivas' pretrial hearing on February 1, the district court set his trial for February 28. On February 7, Gadea-Rivas filed a motion to dismiss his DUI charge because the trial date violated the CrRLJ 3.3 time for trial rule. At a February 22 hearing, the district court denied Gadea-Rivas' motion.

## II. APPEALS

Both Moore and Gadea-Rivas appealed to superior court under the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ). The superior court consolidated their appeals and denied them both.[7]

---

[6] Gadea-Rivas' counsel appeared at the December 13 hearing; but he did not object when the district court announced it would issue its ruling on the Vosk Motion in January (after Gadea-Rivas' last time for trial waiver would expire).

[7] The superior court also denied Moore's and Gadea-Rivas' applications for writ of prohibition and mandamus on two grounds: (1) Any failure to comply with time for trial rules was cured under CrRLJ 3.3(a)(4), which excuses delay when the trial was timely but "delayed by circumstances not addressed" in CrRLJ 3.3 or 4.1, such as the large Vosk Motion; and (2) both commencement dates reset when they failed to appear for the June 24, 2010 status hearing and began anew only when they appeared for the February 1, 2011 pretrial hearings, such that Gadea-Rivas' trial date was timely.

Moore and Gadea-Rivas separately sought discretionary review of the superior court's denial of their appeals. Our court commissioner granted both motions for discretionary review under RAP 2.3(d)(3)[8] and consolidated them.

## ANALYSIS

Moore and Gadea-Rivas both argue that the superior court erred in ruling that (1) the district court's failure to set their trial dates within CrRLJ 3.3's time for trial rule was cured under CrRLJ 3.3(a)(4); and (2) their failure to appear at hearings after May 24, 2010, reset the time within which they must be brought to trial. Moore separately argues that the superior court erred in ruling that, under the Washington Rules of Professional Conduct, his trial counsel had an ethical duty to notify him about court hearings. We agree with the first and second arguments; because we reverse the superior court on these grounds, we do not reach Moore's third argument.

## I. STANDARDS OF REVIEW

We review a district court's decision according to the standards in RALJ 9.1. *State v. Ford*, 110 Wn.2d 827, 829, 755 P.2d 806 (1988). We review the record before the district court; we review factual issues for substantial evidence, and we review legal issues de novo. *City of Bellevue v. Jacke*, 96 Wn. App. 209, 211, 978 P.2d 1116 (1999).

CrRLJ 3.3 governs the time for trial in criminal cases in courts of limited jurisdiction. In reviewing a time for trial ruling in a district court case, we may consider authority citing the superior court time for trial rule, CrR 3.3, because the CrR 3.3 language is identical in all

---

[8] Our commissioner granted discretionary review because "the paucity of decisions examining the breadth of a defendant's waiver of his presence in court, [and] the superior court's interpretation of CrRLJ 3.3(c)(2)(ii)[,] is an issue of public interest that this court should address." *Spindle* (Moore) (Ruling Granting Review and Consolidating Appeals at 5-6).

material respects to CrRLJ 3.3. *State v. Chhom*, 162 Wn.2d 451, 460, 173 P.3d 234 (2007) (citing *State v. Mack*, 89 Wn.2d 788, 576 P.2d 44 (1978)). A trial court's application of the time for trial rule to a particular set of facts is a question of law, which we review de novo. *State v. Chavez-Romero*, 170 Wn. App. 568, 577, 285 P.3d 195 (2012), *review denied*, 176 Wn.2d 1023 (2013); *see also State v. Kindsvogel*, 149 Wn.2d 477, 480, 69 P.3d 870 (2003). "Failure to strictly comply with CrR 3.3 requires dismissal, whether or not the defendant can show prejudice." *State v. Tolles*, 174 Wn. App. 819, 823, 301 P.3d 60 (2013) (citing *State v. Raschka*, 124 Wn. App. 103, 112, 100 P.3d 339 (2004)).

We treat a trial court's unchallenged findings of fact on a CrR 3.3 motion to dismiss as verities on appeal. *Tolles*, 174 Wn. App. at 823. We review for abuse of discretion a trial court's denial of a motion to dismiss for violation of the applicable time for trial rule. *Chavez-Romero*, 170 Wn. App. at 577 (citing *City of Seattle v. Guay*, 150 Wn.2d 288, 295, 76 P.3d 231 (2003)). We may affirm the trial court's ruling on any grounds the record supports, including those the trial court did not explicitly articulate. *State v. Ginn*, 128 Wn. App. 872, 884 n.9, 117 P.3d 1155 (2005).

## II. Time for Trial

CrRLJ 3.3 establishes the time within which the State must bring a defendant to trial in district court. Under CrRLJ 3.3(b), the State must bring a defendant to trial within 60 days of his "commencement date" if he is detained in jail and within 90 days if he is not detained in jail. CrRLJ 3.3(a)(1) expressly provides, "It shall be the responsibility of the court to ensure a trial in accordance with this rule to each person charged with a crime." And if "[a] charge [is] not

brought to trial within the time limit determined under this rule," the court must dismiss it "with prejudice." CrRLJ 3.3(h).

Under CrRLJ 3.3(c)(2)(ii), a defendant's commencement date resets when he or she fails to appear "for any proceeding at which the defendant's presence was required. The new commencement date shall be the date of the defendant's next appearance." CrRLJ 3.4(a) requires a defendant's presence "at the arraignment, at every stage of the trial including the empaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules, or as excused or excluded by the court for good cause shown."

### A. Moore

Moore's initial commencement date was the date of his arraignment, May 11, 2009. CrRLJ 3.3(c)(1). Because Moore was out of custody following his arrest and arraignment, the State had 90 days to bring him to trial. CrRLJ 3.3(b)(2)(i). Moore's commencement date reset every time he filed a written waiver of the time for trial rule and any time he failed to appear "for any proceeding at which [his] presence was required." CrRLJ 3.3(c)(2)(i) and (ii). After each such reset of the commencement date, the State again had 90 days within which to bring Moore to trial. *See* CrRLJ 3.3(b)(2)(i) *and* 3.3(c)(2). Moore signed his fourth and last such waiver on May 24, 2010, with a June 1 commencement date, which reset his time for trial expiration to September 1, 2010.

1. Calculation of new May 18, 2011 trial date

On March 29, 2011, Moore filed his written motion to dismiss for failure to bring him to trial within the time for trial rules. The district court set a new trial date for May 18,[9] reasoning that Moore had failed to appear for any hearings between May 24, 2010, and February 17, 2011, and, therefore, had waived his time for trial rights.[10] The record, however, does not reflect that either the court rules or the district court required Moore's presence at the status hearings and continuance hearings between May 24, 2010, and February 17, 2011. For example, there are no court orders specifically requiring Moore to appear for these hearings.

Similarly, CrRLJ 3.4, which governs a criminal defendant's presence in courts of limited jurisdiction, provides:

---

[9] The record does not reflect whether Moore orally reasserted his time for trial objection after the district court set the May 18 trial date. In our view, however, such an oral motion would have been superfluous because, by that point, Moore had already filed a written motion to dismiss for failure to comply with the time for trial rules; this motion served as an effective written objection for purposes of CrRLJ 3.3(d)(3). *See Chavez-Romero*, 170 Wn. App. at 582 (citing *State v. George*, 160 Wn.2d 727, 158 P.3d 1169 (2007)).

[10] More specifically, the district court ruled that, because Moore was excused from only the Vosk Motion hearing, but not from any status conferences or continuance hearings, under CrRLJ 3.3(c)(2)(ii), (1) he waived his right under the time for trial rules when he failed to appear for the status and continuance hearings; (2) this waiver reset his commencement date to zero, such that his time for trial began to run anew only when Moore reappeared for the February 17, 2011 hearing; and (3) thus, the May 18, 2011 trial date was timely because it was within 90 days of Moore's new February 17 commencement date.

The district court docket confirms that Moore was not present for seven status and continuance hearings between May 24, 2010, and February 17, 2011. But there is no evidence in the record showing that any other defendants were present at these hearings or that their presence had been required. Nor does the record show that the district court issued bench warrants for any "absent" Vosk Motion defendants or, at any point in the proceedings, expressed concern about their absence.

The defendant shall be present at the arraignment, at every stage of the trial including the empaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules, or as excused or excluded by the court for good cause shown.

CrRLJ 3.4(a). Because "[a] status conference is *not* a hearing at which [a criminal defendant's] appearance is required under CrR 3.4(a)," *Raschka*, 124 Wn. App. at 109 (emphasis added), a status conference is *not* a hearing at which a criminal defendant's appearance is generally required under CrRLJ 3.4. See *Chhom*, 162 Wn.2d at 460[11]. Because the hearings between May 24, 2010, and February 17, 2011, were merely status conference and continuance motion hearings (not arraignments, stages of trial, or impositions of sentence), CrRLJ 3.4(a) did not require Moore's presence.

In *State v. Branstetter*, 85 Wn. App. 123, 127-28, 935 P.2d 620, *review denied*, 132 Wn.2d 1011 (1997), Division One of our court clarified that a defendant's presence may be required for more types of hearings than those specified in the analogous CrR 3.4(a). The court further noted, however, that this rule "is not an exhaustive list of the proceedings at which a defendant's presence is required." *Branstetter*, 85 Wn. App. at 128 n.1. But *Branstetter* does not extend to include status and continuance within this category. At a minimum, there must be a "court rule or court order" requiring a defendant's presence at a hearing in order for his or her absence to reset the time for trial. *Branstetter*, 85 Wn. App. at 128. According to the *Branstetter* court, the "clear intent" behind CrR 3.4 was that the commencement period reset when a

---

[11] CrRLJ 3.4 is identical in all material respects to CrR 3.4; thus, we may apply authority interpreting CrR 3.4 to CrRLJ 3.4. *Chhom*, 162 Wn.2d at 460.

defendant's absence from a hearing "'prevents the case from proceeding.'" 85 Wn. App. at 128-29 (quoting *State v. Johnson*, 56 Wn. App. 333, 338, 783 P.2d 623 (1989)).

The State cites no authority, court rule, or district court order to support its proposition that Moore was required to appear for these status conference and continuance motion hearings. Nor has the State made any showing that Moore's absence from these hearings prevented the case from proceeding. In contrast, Moore argues that (1) he was not required to appear for any of these hearings between May 24, 2010, and February 17, 2011; (2) the only hearing at which his presence was originally required was the Vosk suppression motion hearing, for which he filed a waiver of appearance that the district court accepted; (3) he did not violate CrRLJ 3.3(c)(2)(ii) because the hearings at which he did not appear did not require his presence; and (4) consequently, contrary to the district court's ruling, his time for trial commencement date did not reset on those occasions.

We hold that the district court erred in treating Moore's absences from those hearings as waivers of the time for trial rule and in resetting his commencement date for purposes of calculating a new trial expiration date under CrRLJ 3.3(c)(2)(ii). Therefore, setting his trial date for May 18, 2011, well beyond the expiration of Moore's last time for trial waiver to September 1, 2010, violated CrRLJ 3.3(b)(2)(i).[12]

---

[12] We acknowledge that the district court and both parties took great care in the early pretrial proceedings to assure that Moore executed a waiver for every continuance and that any new trial date was set before expiration of any existing time for trial date. We further note that the unusual joint Vosk Motion, involving more than 100 different defendants, created a special management circumstance for the trial court and that both parties and the court had reasonable grounds to delay the various defendants' trial until this dispositive motion to suppress critical evidence could be resolved.

2. Circumstances not addressed by CrRLJ 3.3(a)(4)

On direct appeal, the superior court upheld the district court's denial of Moore's motion to dismiss on the additional ground that Moore's trial had been timely under CrRLJ 3.3(a)(4) because (1) it had been "delayed by circumstances not addressed" in CrRLJ 3.3 or 4.1 (namely, the Vosk Motion); and (2) Moore's pretrial proceedings were lengthy primarily because he had sought to suppress his breath test results through the Vosk Motion, which involved over 100 other defendants. The superior court agreed with the district court that Moore's failure to appear at the hearings between May 24, 2010, and February 17, 2011, had reset his commencement date; the superior court also ruled that any violation of the time for trial rules was cured by CrRLJ 3.3(a)(4). We disagree.

The parties and the district court extended the time for trial date with successive waivers on multiple occasions leading up to the district court's denial of the Vosk Motion in January 2011. That the State and district court failed to obtain another waiver and to reset Moore's trial date again, before expiration of his last waiver on September 1, 2010, does not excuse the failure to bring him to trial in a timely manner as the rules require.[13]

---

Nonetheless, these initial conscientious efforts to ensure a timely trial for Moore should have persisted, especially in light of the repeatedly continued Vosk Motion hearing. Because we hold that the district court failed to bring Moore to trial in compliance with CrRLJ 3.3, we need not address his other arguments about lack of notice or violation of his constitutional speedy trial right. Gadea-Rivas does not similarly argue that the district court violated his constitutional right to a speedy trial.

[13] See, e.g., CrRLJ 3.3(b)(2) (requiring the district court to bring an out-of-custody defendant to trial within 90 days of his or her commencement date).

13

## B. Mario Gadea-Rivas

Gadea-Rivas was arraigned on December 2, 2009, his initial commencement date under CrRLJ 3.3(c)(1). Like Moore, he was not in custody; thus, the State had 90 days to bring him to trial. CrRLJ 3.3(b)(2)(i). The district court set a pretrial conference on April 22, 2010. Gadea-Rivas waived his time for trial rights several times, with his last waiver being through December 31, 2010.

On February 1, 2011, Gadea-Rivas appeared with counsel for a pretrial hearing, at which the district court set a trial date for February 28, 59 days after his last waiver had expired. On February 1, Gadea-Rivas timely objected that this February 28 trial date was beyond the 90 days permitted by the time for trial rules; six days later, he filed a written motion to dismiss on the same grounds. The district court denied Gadea-Rivas' motion to dismiss.

### 1. "Failure to appear"

As with Moore, the district court and the superior court ruled that Gadea-Rivas' "failure to appear" at hearings between May 24, 2010, and February 1, 2011, reset his commencement date to zero. Verbatim Report of Proceedings (VRP) at 49. As we note above, nothing in the applicable rules requires a defendant to appear at a status hearing or a hearing on a motion to continue. Neither the State nor the district court cited any authority below for the proposition that Gadea-Rivas was required to appear for these hearings.

Furthermore, the record does not show that the district court specifically ordered Gadea-Rivas to appear for any missed status or continuance hearing, for which Washington caselaw

14

does not require a defendant's presence under CrR 3.4(a).[14] Consequently, both the district court and the superior court erred in ruling that Gadea-Rivas' "failure to appear" for the status and continuance hearings reset his commencement date for purposes of calculating a timely trial date.

### 2. Circumstances not addressed by CrRLJ 3.3 or 4.1

As with Moore, the superior court similarly ruled that (1) because Gadea-Rivas' trial had been "'delayed by circumstances . . . not addressed'" in CrRLJ 3.3 or 4.1 (the Vosk Motion, in which he sought to suppress his breath test results), the district court had properly denied his motion to dismiss, VRP at 47-48 (quoting CrRLJ 3.3(a)(4)); (2) Gadea-Rivas' "failure to appear" at the hearings between May 24, 2010, and February 1, 2011, reset his commencement date; and (3) any violation of the time for trial rules was cured by CrRLJ 3.3(a)(4). *See* VRP at 51. Again, we disagree. As was the case with Moore, the parties and the district court extended the time for trial expiration date with Gadea-Rivas' successive waivers on multiple occasions. That they failed to do so this one last time does not excuse the failure to bring Gadea-Rivas to trial in a timely manner as the rules require.

We hold, therefore, that CrRLJ 3.3(h) requires us to remand to the district court with instructions to dismiss the charges against both defendants with prejudice. Accordingly, we reverse the superior court's affirmance of the district court's denial of their motions to dismiss

---

[14] *See, e.g., Raschka*, 124 Wn. App. at 109. "A status conference is not a hearing at which [a criminal defendant's] appearance is required under CrR 3.4(a)." In reviewing a time-for-trial ruling in a district court case, we may consider authority citing the superior court time-for-trial rule, CrR 3.3, because the CrR 3.3 language is identical in all material respects to CrRLJ 3.3. *Chhom*, 162 Wn.2d at 460 (citing *Mack*, 89 Wn.2d 788).

their driving under the influence (DUI) charges and remand to the district court to dismiss these charges with prejudice.

Hunt, J.

We concur:

Worswick, C.J.

Maxa, J.