IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39830-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZANE EUGENE LUMPKIN, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

Staab, J. — Zane Lumpkin was convicted of felony hit and run, driving under the influence (DUI), and vehicular assault (felony driving charges). On appeal he raises two issues: whether his time for trial right under CrR 3.3 was violated because the felony driving charges were "related charges" to a separate charge of possessing a stolen motor vehicle (stolen vehicle), and whether the victim penalty assessment (VPA) must be struck from his judgment and sentence because of recent legislative changes.

We affirm, holding that Lumpkin failed to preserve any time for trial violation. We remand for the limited purpose of striking the VPA fee from his judgment and sentence.

BACKGROUND

On November 4, 2022, Lumpkin was driving a pickup truck when he ran a red light and collided with a Toyota Rav4. He was then seen walking away from the accident. The driver of the Rav4 told officers that she entered the intersection with a green light and was T-boned. She told officers that she did not see who had been driving the pickup, but officers noticed paperwork from the Department of Corrections (DOC) and an Idaho DOC identification card for "Zane E. Lumpkin" inside the pickup. While investigating the collision, officers were advised that the at-fault pickup had been reported stolen.

Shortly thereafter, officers located Lumpkin approximately 2 blocks away from the scene of the accident and took him into custody. After Lumpkin was transported to the hospital, officers determined that he was impaired.

*Possession of a Stolen Motor Vehicle Charge*

The State filed an information in superior court charging Lumpkin with possession of a stolen motor vehicle. Lumpkin was arraigned on November 15, 2022, and trial was set for January 9, 2023.

On November 10, 2022, charges for hit and run–attended vehicle, making/having burglary tools, obstructing a law enforcement officer, DUI, and driving while license suspended in the third degree were filed in Spokane County District Court. Defense

2

counsel did not move to join the pending misdemeanor and felony charges and did not raise an objection that mandatory joinder applied to the separate charges.

On December 28, 2022, defense counsel moved for a continuance of the stolen vehicle charge after receiving additional discovery. The court granted the motion, continuing the trial from January 9 to March 6, 2023.

On February 16, 2023, the State moved to amend the felony information to include additional counts for DUI, vehicular assault, and felony hit and run. However, the State did not proceed with amending the information because it had not yet received the toxicology reports from the blood draw taken from Lumpkin on the day of the collision. Nevertheless, on February 17, the misdemeanor charges were dismissed without prejudice. Lumpkin remained in custody on the felony charge.

On March 3, three days before Lumpkin's trial for possessing a stolen motor vehicle, the State received the toxicology report. On March 6, Lumpkin was found guilty of possessing a stolen motor vehicle.

On March 21, the State filed an information in superior court, this time charging Lumpkin with felony hit and run, DUI, and vehicular assault. Bond was set and Lumpkin remained in custody. Lumpkin was arraigned on April 4, and trial was set for May 30. On the State's motion, trial was continued to June 12.

On May 25, 2023, Lumpkin filed a motion to dismiss the case under CrR 3.3(h). Lumpkin asserted that the time for trial period had already elapsed and the charges must

be dismissed. The motion was heard on June 8, 2023, where Lumpkin argued that the current felony driving charges were "related" to the possession of a stolen motor vehicle case. For this reason, he argued that the time for trial calculation began from when he was arraigned on the possession of a stolen motor vehicle case and that more than sixty days had passed since that arraignment.

The court denied Lumpkin's motion. The matter proceeded to trial on June 13, 2023, where Lumpkin was convicted as charged.

Lumpkin appeals.

## ANALYSIS

TIME FOR TRIAL CALCULATION

Lumpkin claims that because the State's second information included felony driving charges that were related to the earlier resolved stolen vehicle case, all of the charges had the same commencement date for the purpose of calculating his time for trial period. He further contends that the trial court erred in finding that the charges of possession of a stolen vehicle and the felony driving charges were not "related."

This court reviews "an alleged violation of the time for trial rule de novo." *State v. Denton*, 23 Wn. App. 2d 437, 449, 516 P.3d 422 (2022). "As with statutes, this court gives effect to the plain language of a court rule, as discerned by reading the rule in its entirety and harmonizing all of its provisions." *State v. George*, 160 Wn.2d 727, 735, 158 P.3d 1169 (2007). Determining whether a time for trial violation has occurred

4

"requires an application of court rules to particular facts." *State v. Swenson*, 150 Wn.2d 181, 186, 75 P.3d 513 (2003). Unchallenged findings of fact on a CrR 3.3 motion to dismiss will be treated as verities on appeal. *State v. Moore*, 178 Wn. App. 489, 498, 314 P.3d 1137 (2013).

The time-for-trial rules are set forth in CrR 3.3. A defendant who is detained on pending charges must be brought to trial within 60 days of the commencement date, which is generally the arraignment date. CrR 3.3(b)(1)(i), (c)(1).

When a defendant faces multiple prosecutions for related charges, "[t]he computation of the allowable time for trial of a pending charge shall apply equally to all related charges." CrR 3.3(a)(5). CrR 3.3(a)(3)(i) defines a "pending charge" as "the charge for which the allowable time for trial is being computed," and CrR 3.3(a)(3)(ii) defines a "related charge" as "a charge based on the same conduct as the pending charge that is ultimately filed in the superior court."

Even assuming that Lumpkin is correct, and the stolen vehicle and felony driving charges are related (we make no such finding), his argument fails. Lumpkin does not claim that his trial on the stolen vehicle charge was untimely under the rule. Even if the computation of time for trial for all the felony charges is the same, then on April 4, 2023, when the court set his trial date on the felony driving charges, Lumpkin's time for trial had not expired and Lumpkin failed to object to the trial date of May 30, thus waiving any subsequent objections to his trial date.

5

We take this opportunity to note that while Lumpkin argues that his time for trial rights under CrR 3.3 were violated, he does not provide any time for trial calculations in his briefing. Such calculations are necessary to determine if there has been a time for trial violation. It is not enough to assert that a trial occurred beyond the 60- or 90-day time for trial period. Instead, in order to adequately brief a time for trial issue, the party raising the issue must show the specific calculations along with citations to the rule that support the assertion that the rule was violated. *See* RAP 10.3(a)(6); *West v. Thurston County*, 168 Wn. App. 162, 195-96, 275 P.3d 1200 (2012) ("'Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.'") (quoting *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998)). As a general rule, when these calculations are not done by the party raising a time for trial issue, this court will not perform the calculations on that party's behalf. In this case, however, we will make an exception.

Lumpkin was arraigned on the stolen vehicle charge on November 15, 2022, and trial was set on January 9, 2023, day 55 of Lumpkin's 60-day speedy trial period.[1] Trial was then continued to March 6. Because the trial continuance was at defense counsel's request, the time between the first trial date and the continued trial date was excluded and

[1] The State argues that Lumpkin was being held on unrelated charges and was therefore on a 90-day speedy time period. We do not resolve this issue on appeal because it does not change our conclusion.

6

trial remained set on day 55, leaving five days remaining in the speedy trial period. CrR 3.3(e)(3), (f)(2). In addition, because the continuance was granted under CrR 3.3(e)(3), the 30-day buffer rule applied, meaning when Lumpkin's trial started on March 6, there was at least 30 days left in the speedy trial period. CrR 3.3(b)(5).

Even if the stolen vehicle charge and the felony driving charges were related, the time period between the commencement of his trial on the stolen vehicle charge and his arraignment on the subsequently filed felony driving charges is an excluded period. CrR 3.3(e)(5). Thus, when Lumpkin was arraigned on April 4 on the felony driving charges, there was at least 30 days remaining in his time for trial period. *See* CrR 3.3(b)(5).

At arraignment on the felony driving charges on April 4, the court set a trial date of May 30. At this point, Lumpkin had 10 days to file a written objection if he believed the May 30 trial date was outside the time for trial period or waive any objection to that trial date. CrR 3.3(d)(3). Lumpkin did not object.

Instead, on May 25, Lumpkin filed a motion to dismiss arguing that the time for trial period had already elapsed. Lumpkin argued that the new felony driving charges were related charges to the earlier resolved stolen vehicle charge and thus the commencement date for the newly filed felony driving charges was the arraignment date for the stolen vehicle charge, November 15, 2022. He went on to argue that because 128 days had elapsed since November 15, his 60-day time for trial period had expired.

It is unclear if Lumpkin is making this same argument on appeal. However, even if he is, the argument fails. The argument made by Lumpkin at trial presumed that the time for trial period for all of these charges commenced at the arraignment for the stolen vehicle charge but then assumes that the time for trial on the felony driving charges continued to run regardless of any subsequent exclusions or waivers. That is not how the rule reads.

The rule provides that: "[t]he *computation* of the allowable time for trial of a pending charge shall apply equally to all related charges." CrR 3.3(a)(5) (emphasis added); *see also State v. Wright*, 131 Wn. App. 474, 487, 127 P.3d 742 (2006). Thus, even if the time for trial period for the felony driving charges commenced on November 15, the court would calculate the time for trial on the felony driving charges the same as for the stolen vehicle charge; periods of exclusion for one charge would be excluded for the related charges.

On appeal, Lumpkin devotes several paragraphs to discussing the rule on discretionary and mandatory joinder. In support of his motion to dismiss at trial and again on appeal, Lumpkin cites several cases that pre-date 2003. Prior to this year, Washington courts addressed the failure to prosecute ripe charges under the time for trial (CrR 3.3) and joinder rules (CrR 4.3). *State v. Kenyon*, 150 Wn. App. 826, 830, 208 P.3d 1291 (2009). These cases are considered largely overruled by subsequent amendments to the rules in 2003. *See id.*; *George*, 160 Wn.2d at 737. Under the newer version of CrR

4.3.1(b)(3), "[a] defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense" and the motion shall be granted unless the prosecuting attorney was unaware of facts or did not have sufficient evidence to move forward on the related offense. We do not need to decide if the joinder rules apply in this case because Lumpkin was adamant that he was not moving to dismiss under the mandatory joinder rule.

Lumpkin also argues on appeal that the district court failed to comply with CrRLJ 3.3(d)(1) by failing to initially set a trial date. But this argument is irrelevant because Lumpkin did not contend that his superior court time for trial was affected by the district court case.

The trial court did not abuse its discretion in denying Lumpkin's motion to dismiss. While our analysis is different from the superior court's analysis, our review is de novo and we can affirm on any basis supported by the record. *State v. Pratt,* 11 Wn. App. 2d 450, 463, 454 P.3d 875 (2019). Here, Lumpkin fails to demonstrate that his rule-based time for trial was violated.

VICTIM PENALTY ASSESSMENT

Lumpkin contends that recent changes to the law require this court to strike the VPA from his judgment and sentence because the court found him indigent at sentencing and the State concedes. This court should accept the State's concession.

9

Under former RCW 7.68.035(1) (2018), a judge was required to impose the $500 VPA for one or more felony or gross misdemeanor convictions. However, in 2023, legislation amended this statute and included a provision instructing courts not to impose the VPA if the court found the defendant indigent at the time of sentencing. *See* RCW 10.01.160(3). Defendants are entitled to the benefit of this amendment if their case is pending on direct appeal. *See State v. Ramirez*, 191 Wn.2d 732, 735, 426 P.3d 714 (2018).

Here, the court found Lumpkin indigent at sentencing. Because Lumpkin is indigent and his case is pending on direct appeal, the VPA should be struck from his judgment and sentence.

Affirmed but remanded to strike the VPA from Lumpkin's judgment and sentence.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Murphy, J.