[No. 36677-7-I.   Division One.   February 18, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. MATTHEW DAVID BRANSTETTER, *Appellant*.

*Stella S. Buder* of *Washington Appellate Project*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Robert T. Reischling, Deputy*, for respondent.

PER CURIAM. — Matthew Branstetter appeals from the judgment and sentence entered following his conviction for first degree theft. He contends the superior court erred in ruling that his speedy trial rights were not violated because, under CrR 3.3(d)(2) and CrR 3.4, his speedy trial period restarted when he failed to appear at continuance

and omnibus hearings. Because the rules authorize a restart in these circumstances, we affirm.

## FACTS

The facts of the underlying offense are not relevant to the issue on appeal. Branstetter was arraigned on August 2, 1994. Following several continuances, he waived his speedy trial expiration date to December 12.

The court eventually entered an order setting the omnibus hearing for November 23 and trial for December 8. Branstetter signed that order, which provided in part:

> I understand that I must appear for my Omnibus Hearing unless a written waiver of my presence for good cause is approved by the court. I understand . . . that my failure to appear for the Omnibus Hearing (unless waived) and trial will result in the issuance of a warrant for my arrest and may result in additional criminal charges being filed against me.

The prosecutor moved to accelerate or continue the trial date and noted a hearing on that motion for November 18. On that date, the prosecutor and Branstetter's attorney appeared before the criminal presiding judge. The prosecutor indicated that the victim would be in Hawaii between December 10 and 27, and that he (the prosecutor) would be on vacation during the first two weeks of January. Accordingly, he sought to either accelerate trial to November 28, or continue it to late January. Because Branstetter was not present, however, the prosecutor moved for a bench warrant. Defense counsel asked the court to hold off on the warrant. He indicated he had talked with Branstetter regarding the hearing and that he "regularly shows up late." The court granted the motion for a warrant, subject to it being quashed if Branstetter appeared.

Branstetter never appeared and the bench warrant was filed on November 21, 1994. Although the record is somewhat unclear, it appears the omnibus hearing was never held and the warrant canceled the trial date.

On December 8, Branstetter appeared outside the criminal presiding courtroom with counsel. According to the record, this was his first court appearance following his failure to appear for the November 18 hearing and the November 23 omnibus hearing. He demanded he be sent to trial and attempted to enter the courtroom. King County Corrections Officers restrained him, but he eventually succeeded in getting before a judge. The judge told him he was not on the docket because "once the judge signs a bench warrant it strikes the trial date." Branstetter then made a record of his intent to go to trial. He also filed a document indicating that he had attended all pretrial proceedings at which his presence was required under CrR 3.4, that he was ready to go to trial, and that he would not agree to an extension of the December 12 speedy trial expiration date.

On December 13, one day after expiration of the speedy trial period, the parties, including Branstetter, appeared before the court on a motion to quash the bench warrant and a motion to substitute counsel. The court asked him if he had kept in touch with his counsel between November 18 and the December 8 trial date. He said he had left messages with counsel, and counsel had left messages with him. He said he had not gone to counsel's office because he was trying to hire a private attorney.

After indicating that hiring new counsel was not a good reason for failing to keep in touch with his appointed counsel, the court stated that Branstetter's failure to appear at the continuance and omnibus hearings justified restarting the speedy trial period. Defense counsel disagreed and said he would file a motion to dismiss. When the court asked his position on the issue, counsel stated:

> [U]nder CrR 3.3(d)(2), the only proceedings that the defendant's failure to appear at will interrupt the speedy trial date are those that are required by CrR 3.4, which is the arraignment and the trial, which is defined as all proceedings in the trial from the empaneling of the jury to return of the verdict . . . . No other proceedings are required under 3.4.

In response, the court noted that Branstetter had signed an order indicating he understood his presence was required at the omnibus hearing.

Defense counsel argued that the matter was not adequately briefed and asked for the opportunity to bring a written motion at trial, but the court denied the requests. The court quashed the bench warrant and signed an order setting the trial date for March 6, 1995, with a speedy trial expiration date of March 8.

On December 23, Branstetter filed a motion to dismiss. The judge hearing the motion ruled that it was essentially a motion for reconsideration of the December 13 ruling, and that it should be referred to the judge who made that ruling.

At trial, defense counsel presented a third motion to dismiss. The trial judge denied the motion, ruling that she would not reconsider the ruling made by another judge on December 13 and, alternatively, even if she were to consider the motion, she would deny it. Following his conviction, Branstetter appealed.

## DECISION

Branstetter contends the trial court erred in restarting his speedy trial period under CrR 3.3(d)(2) because CrR 3.4 did not require him to appear at either the continuance or omnibus hearings. Because this issue requires the application of a court rule to particular facts, our review is de novo. *State v. Carlyle*, 84 Wn. App. 33, 35-36, 925 P.2d 635 (1996).

In resolving the issue, we are guided by the maxim that court rules must be construed so that no word, clause or sentence is superfluous, void, or insignificant. *City of Kirkland v. Ellis*, 82 Wn. App. 819, 920 P.2d 206 (1996). CrR 3.3(d)(2) restarts the speedy trial period

> [w]hen a defendant who *has already been arraigned* fails to appear for any trial or *pretrial proceeding* at which the defendant's presence *is required pursuant to [CrR] 3.4* . . . .

(Emphasis added.) Because this rule applies to arraigned defendants, the words "pretrial proceeding" plainly contemplate pretrial proceedings other than arraignment. But CrR 3.4 nowhere expressly mentions a pretrial proceeding other than arraignment.

■ CrR 3.4(a) states in pertinent part that the defendant's presence is "[n]ecessary" at "arraignment, at every stage of the trial including the empaneling of the jury and the return of the verdict, and at the imposition of sentence . . . ." CrR 3.4(a). Because it lists no pretrial proceedings other than arraignment, this subsection fails to give effect to the words "pretrial proceeding" in CrR 3.3(d)(2).[1] CrR 3.4(b) also gives no effect to those words.[2]

CrR 3.4(c) states that "[i]f in any case the defendant is not present when his personal attendance is necessary, the court may order the clerk to issue a warrant." The word "necessary" in this subsection can be read either as referring back to subsection (a), or as referring more generally to any situation where, pursuant to court rule or court order, the defendant's presence is required. In order to give effect to the words "pretrial proceeding" in CrR 3.3(d)(2), we adopt the latter construction of CrR 3.4(c). This reading of the rules furthers the drafters' clear intent to restart the speedy trial period "[w]hen after arraign-

---

[1]Because CrR 3.4(a) is clearly intended to identify only those proceedings at which a defendant's presence is always required under the constitution, it does not list certain proceedings which, depending on the circumstances, may require the defendant's presence. For example, pretrial motions to suppress involving factual issues would appear to require the defendant's presence. *See generally* 3A WRIGHT, FEDERAL PRACTICE & PROCEDURE § 721.1, at 12 (2d ed. 1982); *State v. Foster*, 318 N.W.2d 176 (Iowa 1982); *Ex Parte Stout*, 547 So. 2d 901 (Ala. 1989) (citing cases); *c.f. State v. Corbin*, 79 Wn. App. 446, 903 P.2d 999 (1995). Thus, subsection (a) is not an exhaustive list of the proceedings at which a defendant's presence is required.

[2]Subsection (b) provides:

"(b) **Effect of Voluntary Absence.** In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has commenced in his presence shall not prevent continuing the trial to and including the return of the verdict. A corporation may appear by counsel for all purposes. In prosecutions for offenses punishable by fine only, the court, with the written consent of the defendant, may permit arraignment, plea, trial and imposition of sentence in the defendant's absence."

ment a defendant absents himself and so prevents the case from proceeding . . . ." *State v. Johnson*, 56 Wn. App. 333, 338, 783 P.2d 623 (1989).

Accordingly, we hold that CrR 3.3(d)(2) and CrR 3.4 restart the speedy trial period when an arraigned defendant is absent from a hearing he was ordered to attend. Here, Branstetter signed an order requiring him to attend his pretrial omnibus hearing on November 23, but he failed to appear. Branstetter offered no explanation for that failure other than to say that he did not know what an omnibus hearing was and that he thought he "would go to trial and that's it." Under these circumstances, the trial court properly restarted the speedy trial period and denied Branstetter's motion to dismiss.

Affirmed.

Review denied at 132 Wn.2d 1011 (1997).