[No. 21417-6-III.   Division Three.   November 9, 2004.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANKLIN JOHN RASCHKA, *Appellant.*

*Dan K. Connolly*, for appellant.

*Karl F. Sloan, Prosecuting Attorney*, and *Stephen M. Bozarth, Deputy*, for respondent.

¶1 SCHULTHEIS, J. — A criminal defendant charged in superior court and not in custody must be tried within 90 days unless time is excluded or extended by rule. Former CrR 3.3(c)(1) (2001). Franklin Raschka waived speedy trial up to a certain date as allowed by court rule, but he was not brought to trial before the expiration of the speedy trial waiver. The time for trial was not interrupted and reset by a failure to appear under former CrR 3.3(d)(2) (2001). We therefore reverse his conviction and dismiss the charge.

## FACTS

¶2 On February 11, 2002, Franklin Raschka was charged with one count of possession of methamphetamine. He was arraigned on February 21. His trial date was set for April 16. The speedy trial date was May 22. On April 8, Mr. Raschka waived his right to speedy trial until June 30 and agreed to a trial date of May 21 with a pretrial status conference on May 9. An order was entered reflecting these dates. Mr. Raschka signed an acknowledgement that his failure to appear at any of the hearing dates set forth in the order might result in the issuance of an arrest warrant and/or the trial date being stricken.

¶3 Prior to trial, Mr. Raschka moved to suppress the methamphetamine on the basis that it was the result of an unconstitutional pretextual search and seizure. On May 7, 2002, the court heard Mr. Raschka's motion to dismiss, but reserved its ruling until May 13. The May 9 status conference hearing was continued until that date.

¶4 The following exchange was recorded at the outset of the May 13 hearing:

THE COURT: Be seated. So the first matter today, Monday, May 13, 9:10 a.m., State vs. Raschka, 02-1-00036-1.

I don't see the defendant here today.

MR. CONNOLLY [Defense Counsel]: Your Honor, Dan Connolly, for the record, here representing Mr. Raschka. He indicated in my office on Friday he had been involved in a serious automobile accident, head-on collision. He was in the hospital. I actually called Mid-Valley Hospital and spoke to him there—he was awaiting some kind of surgery on his knee as he had broke his kneecap, something like that, in a head-on collision—from the hospital. So *I told him that the Court would probably excuse his presence.*

THE COURT: *In that case, I am not concerned about his presence,* but I still would like to complete the 3.6 Hearing by announcing the decision. Is there any reason I can't do that?

MR. CONNOLLY: No, Your Honor. I think you can go ahead. He'd like to be here, but he's going to be in the hospital for a little while, it sounds like.

THE COURT: Mr. Perkins [Deputy Prosecuting Attorney], do you have anything to say about this situation?

MR. PERKINS: No, Your Honor. *We don't object to his not being here.* It does appear that he was in an accident.

Report of Proceedings (RP) (May 13, 2002) at 4-5 (emphasis added). The court then gave its oral decision denying the motion to suppress. Thereafter, the court noted:

[THE COURT:] So if you would convey that to your client and we'll—we need to find out his medical condition. I don't know when your next hearing is, but it sounds like it's fairly serious.

MR. CONNOLLY: Trial.

MR. PERKINS: The 25th.

RP (May 13, 2002) at 17.

¶5 There was some discussion off the record between the prosecutor and defense counsel about continuing the status conference, the trial date, or both. The prosecutor agreed to take responsibility for docketing the matter. He instructed the court administrator to remove the case from the trial calendar and said he would prepare the necessary paperwork to renote it. However, the prosecutor did not do so. He later explained that he lost track of the case, and it was his

fault that the case "came to be lost." RP (Aug. 12, 2002) at 8.

¶6 Mr. Raschka was not brought to trial on May 21, 2002 or by the speedy trial date of June 30.

¶7 The prosecutor became aware of his mistake, and on July 25, 2002, he asked the court to set a new trial date. Defense counsel objected to a trial setting and asked to be heard on a motion to dismiss for a speedy trial violation.

¶8 After hearing arguments on the motion to dismiss, the court on August 12 found that although Mr. Raschka was not required to attend the hearing on May 13 for the court's ruling on the motion to suppress, his presence was required for the status conference. The court commented:

> If [the defense] would have asked [for a trial date], we would have set it. The court also could have issued a warrant when the defendant didn't appear. But instead, *the court accepted your word that he was in the hospital and struck the hearing for that day and allowed his non-appearance.*
>
> . . . .
>
> *I am not saying it's his fault. I am just saying he wasn't here.* So somebody is injured and doesn't come. I don't see how it's the court's fault or in these circumstances the State's fault.

RP (Aug. 12, 2002) at 12 (emphasis added). The court ultimately held that the speedy trial clock stopped when Mr. Raschka was absent from a proceeding for which his presence was required—the status conference on May 13, 2002—and was reset when he made his presence known to the court on July 25, 2002. *See* former CrR 3.3(d)(2). The motion to dismiss was denied.

¶9 Mr. Raschka was convicted on August 13, 2002. He appealed on grounds, inter alia, that his right to speedy trial was violated. The State's motion on the merits was denied.

## DISCUSSION

SPEEDY TRIAL RULE

¶10 The application of the speedy trial rule to a particular set of facts is a question of law subject to de novo review. *State v. Branstetter*, 85 Wn. App. 123, 127, 935 P.2d 620 (1997). Unless time is excluded or extended by rule, the trial of a defendant charged in superior court who is not in custody on the charge must begin no more than 90 days after arraignment. Former CrR 3.3(c)(1). Otherwise, the charge must be dismissed with prejudice. Former CrR 3.3(i) (2001); *State v. Swenson*, 150 Wn.2d 181, 187, 75 P.3d 513 (2003). Here, after Mr. Raschka was arraigned, he consented to a trial date of May 21, 2002 and waived speedy trial up to June 30. Mr. Raschka did not have a trial before June 30. The State argues that former CrR 3.3(d)(2) extended the time for speedy trial.

¶11 Former CrR 3.3(d)(2) (2001)[1] allows the speedy trial clock to be reset when an arraigned defendant fails to appear at a hearing at which his presence is required under CrR 3.4. CrR 3.4(a) requires the defendant's presence "at every stage of the trial including the empaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules, or as excused or excluded by the court for good cause shown." The clock does not start running again until the defendant is present in the county where the charge is pending and his presence is made known to the court on the record. Former CrR 3.3(d)(2); *Branstetter*, 85 Wn. App. at 129; *State v. Hackett*, 122 Wn.2d 165, 170, 857 P.2d 1026 (1993).

---

[1] Former CrR 3.3(d)(2) provides:

*Failure to Appear.* When a defendant who has already been arraigned fails to appear for any trial or pretrial proceeding at which the defendant's presence is required pursuant to rule 3.4, the defendant shall be brought to trial not later than 60 days after the date upon which the defendant is present in the county where the criminal charge is pending and the defendant's presence has been made known to the court on the record, if the defendant is thereafter detained in jail or not later than 90 days after such date if the defendant is not detained in jail whether or not the defendant is thereafter subjected to conditions of release.

¶12 The State claims that because Mr. Raschka failed to appear at a mandatory status conference on May 13, 2002, his speedy trial clock was reset. And the clock did not restart until he made his presence known to the court on the record on July 25. Therefore, the State asserts, Mr. Raschka's August 13 trial was squarely within the 90-day speedy trial rule. Mr. Raschka argues that he did not fail to appear; his presence at the May 13 status conference was excused by the court and the State.

¶13 A status conference is not a hearing at which Mr. Raschka's appearance is required under CrR 3.4(a). Division One of this court expanded the rule to include hearings a defendant is ordered to attend. *Branstetter*, 85 Wn. App. at 129.

¶14 In *Branstetter*, the defendant signed the order setting the omnibus hearing and acknowledging that his appearance was required unless waived by the court with good cause. *Id.* at 125. He also acknowledged that his failure to appear would result in a warrant as well as the possibility of additional criminal charges. *Id.* The *Branstetter* court held that because he signed the acknowledgement—which essentially ordered him to appear at the omnibus hearing—and he failed to appear with no more of an explanation than he did not know what an omnibus hearing was and thought he only had to go to trial, the court properly restarted the speedy trial clock. *Id.* at 129.

¶15 Here, Mr. Raschka signed an amended order[2] setting the status conference date. That order did not discuss waiver of appearance but informed the defendant that if he failed to appear, a warrant may issue and the trial date may

[2] The acknowledgement reads:

> I acknowledge receipt of a copy of this Order Setting Trial Date. I understand that failure to object to the date set for trial within 10 days of today will waive any objection that the above date is in violation of CrR 3.3. I also understand that my failure to personally appear at any of the above indicated hearing dates or trial date may result in the court issuing a warrant for my arrest and may result in the trial date being stricken.

Clerk's Papers at 20.

be stricken. Even though the penalty for failure to attend is clearer in the *Branstetter* acknowledgment, Mr. Raschka was probably ordered to appear under *Branstetter*.

¶16 Nonetheless, both *Branstetter* and CrR 3.4(a) contemplate a scenario where the defendant is "excused" from attending a required hearing for good cause. Even if his presence was required at the May 13 hearing, Mr. Raschka's absence was excused by both the State[3] and the court for good cause—his hospitalization. Therefore the speedy trial clock continued to run. Because he was not tried by June 30, the "outside" speedy trial date under the waiver, his speedy trial rights were violated.

¶17 It does not matter whether Mr. Raschka appeared for trial on May 21, the date it was last scheduled. A defendant is brought to trial for speedy trial purposes when the case is called for trial. *State v. Carson*, 128 Wn.2d 805, 820, 912 P.2d 1016 (1996). Here, the parties agree that the case was not on the calendar. Therefore, it could not have been called. Mr. Raschka cannot then be held to have failed to appear for trial. *State v. Ledenko*, 87 Wn. App. 39, 43, 940 P.2d 280 (1997).

SPEEDY TRIAL RESPONSIBILITY

¶18 The trial court incorrectly held that it was Mr. Raschka's responsibility to ensure his own right to a speedy trial; that neither the State nor the court could be held accountable under these circumstances. A defendant's responsibility is triggered by certain situations not applicable here.

¶19 The trial court bears the ultimate responsibility to ensure that trial is held within the speedy trial period. CrR 3.3(a); *Carson*, 128 Wn.2d at 815; *State v. Jenkins*, 76 Wn. App. 378, 382-83, 884 P.2d 1356 (1994). But

---

[3] The State did not characterize Mr. Raschka's absence as a "failure to appear" under former CrR 3.3(d)(2) at the time of the May 13 or July 25 hearings. It was only in response to the motion to dismiss that the State conducted research and then attempted to retroactively seek to negate its admitted mistake by claiming that Mr. Raschka's absence at the status conference was not excused after all, but rather it constituted a failure to appear under former CrR 3.3(d)(2).

sometimes, as was the case here, the State's inaction can circumvent the court's ability to meet that duty. *Jenkins*, 76 Wn. App. at 383.

¶20 "A defendant has no duty to bring himself to trial." *Barker v. Wingo*, 407 U.S. 514, 527, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); *City of Seattle v. Hilton*, 62 Wn. App. 487, 491, 815 P.2d 808 (1991). However, defense counsel bears some responsibility in asserting his client's speedy trial rights and assuring compliance before the speedy trial period expires. *Carson*, 128 Wn.2d at 815. Where defense counsel knows that the trial date is set beyond the speedy trial limit, counsel has a duty as an officer of the court to so advise the court. *State v. White*, 94 Wn.2d 498, 502-03, 617 P.2d 998 (1980). That is not the case here.

¶21 Former CrR 3.3(f) (2001) also imposes upon a defendant the obligation to object to an untimely trial date. Here, the original trial date of May 22 was within the speedy trial deadline of June 30 as agreed in the waiver. That trial date had passed before the new trial date was set. Therefore, Mr. Raschka had no obligation to object. *State v. Wilks*, 85 Wn. App. 303, 310, 932 P.2d 687 (1997).

¶22 "[A]s between the defendant and the State, it is the State who has the primary duty to see that the defendant is tried in a timely fashion." *Jenkins*, 76 Wn. App. at 383. That is especially true here where the speedy trial rule was violated by the State's oversight. The defense was justified in relying on the prosecutor to reset the trial date.

¶23 As the State points out, once a defendant has been arraigned and fails to appear at a required proceeding, the "absence does not create a fresh duty of diligence on the part of the State to go out and locate the missing defendant and bring the defendant back before the court at the risk of dismissal with prejudice." *State v. Newkirk*, 122 Wn.2d 174, 179, 857 P.2d 1030 (1993). But this defendant was not missing. The State's burden was not to locate Mr. Raschka, but to follow through on the administrative calendaring procedures that the deputy prosecutor agreed to assume as his sole responsibility. The defendant's responsibility does

not include rectifying errors in the management of the court's calendar. *Ledenko*, 87 Wn. App. at 43.

REMEDY FOR SPEEDY TRIAL VIOLATION

¶24 Finally, the State asserts that because CrR 3.3 violations are not constitutionally based, Mr. Raschka must show actual prejudice for the remedy of dismissal. It relies on *State v. Hall*, 55 Wn. App. 834, 840-41, 780 P.2d 1337 (1989). The cited portion of *Hall* relates to the standard of proof required for dismissal when continuances are improvidently granted *within* the speedy trial period. *Hall* acknowledges that dismissal is mandated when the applicable speedy trial period has expired. *Id.* at 841 (citing former CrR 3.3(i)).

¶25 The speedy trial rule applies even though the delay may have been inadvertent and resulted in no prejudice to the defense. *State v. Striker*, 87 Wn.2d 870, 875-77, 557 P.2d 847 (1976). Failure to strictly comply with the speedy trial rule requires dismissal, regardless of whether the defendant can show prejudice. *State v. Adamski*, 111 Wn.2d 574, 582, 761 P.2d 621 (1988); *Swenson*, 150 Wn.2d at 186-87; *State v. Ralph G.*, 90 Wn. App. 16, 20-21, 950 P.2d 971 (1998).

## CONCLUSION

¶26 Because Mr. Raschka's speedy trial rights were violated, we must reverse the conviction and dismiss the charge. Since this issue is dispositive, we need not address Mr. Raschka's other assignments of error.

KATO, C.J., and BROWN, J., concur.