FILED
11/16/2020
Court of Appeals
Division I
State of Washington

THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 81832-5-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MARK GELINAS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

ANDRUS, A.C.J. — When Mark Gelinas, charged with driving under the influence, did not personally appear for a trial readiness hearing in Mason County District Court, the court issued a bench warrant for his arrest. Gelinas filed a petition for a writ of certiorari in superior court, arguing the district court rules did not require his personal presence at the readiness hearing and there was no lawful basis for the warrant. The superior court agreed, concluding the criminal rules do not mandate a defendant's personal presence where that presence is not necessary for the case to proceed. Because the State failed to establish that the readiness hearing was necessary to advance Gelinas's case, the superior court granted his petition and quashed the arrest warrant.

Citations and pin cites are based on the Westlaw online version of the cited material.

The State appealed, arguing district courts have the authority to order a defendant to personally appear for any and all pretrial hearings and to issue arrest warrants for failing to appear at any such hearings. We disagree and affirm.

FACTS

On July 20, 2017, the State charged Mark Gelinas with driving under the influence in Mason County District Court. At a June 6, 2018, pretrial hearing, Gelinas appeared with counsel and signed an order setting conditions of his release and scheduling two hearings: an August 8, 2018 pretrial hearing[1] and an August 31, 2018 "readiness" hearing.[2] This order stated in bold letters: "You must appear at all scheduled hearings or a warrant will issue for your arrest."

Gelinas appeared with counsel on August 8, 2018. On August 28, 2018, however, Gelinas filed a motion to continue the readiness hearing because he had to work on August 31 and, given the seasonal nature of his employment, if he failed to show up for work, he would lose his job. Gelinas's attorney, Bruce Finlay, appeared at the readiness hearing, but Gelinas did not. Because of his absence, the State asked the court to issue a bench warrant for Gelinas's arrest. Finlay argued the state criminal rules did not mandate Gelinas's presence at a readiness hearing and a warrant therefore was inappropriate. The court disagreed and issued a bench warrant.

---

[1] CrRLJ 4.5 provides that after a plea of not guilty is entered, the court may set a time for a pretrial hearing, allowing for sufficient time to complete discovery, conduct any necessary investigation, and engage in plea discussions. Under the criminal rules applicable to superior courts, CrR 4.5, this hearing is called an "omnibus hearing."

[2] Mason County District Court local rule, LCrRLJ 4.11, called this hearing a "confirmation hearing," the purpose of which is to "verify readiness to proceed to trial, or to propose an alternate disposition."

On September 27, 2018, Gelinas filed a petition for writ of certiorari in Mason County Superior Court, arguing the district court exceeded its authority by issuing the bench warrant. The State argued that CrRLJ 2.5[3] granted the district court the authority to issue a bench warrant because Gelinas signed a scheduling order promising to appear at the readiness hearing, and CrRLJ 3.4[4] also provided authority to issue the warrant because Gelinas's presence at the hearing was necessary under that rule. The State also contended that Mason County District Court local rules LCrRLJ 4.11 and 4.5.1 provided authority for the district court's warrant because they mandated a defendant's presence at all pretrial hearings, including readiness hearings.

The superior court rejected the State's arguments. It held that, when read together, CrRLJ 2.5 and 3.4 merely require a defendant to appear through counsel unless the hearing is "necessary" under the rules or case law. Because the readiness hearing was not a necessary hearing under any rule of statewide application, the superior court held the district court had exceeded its authority by

---

[3] CrRLJ 2.5 states:

> The court may order the issuance of a bench warrant for the arrest of any defendant who has failed to appear before the court, either in person or by a lawyer, in answer to a citation and notice, or an order of the court, upon which the defendant has promised in writing to appear, or of which the defendant has been served with or otherwise received notice to appear, if the sentence for the offense charged may include confinement in jail.

[4] CrRLJ 3.4 states, in pertinent part:

> The defendant shall be present at the arraignment, at every stage of the trial including the empaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules, or as excused or excluded by the court for good cause shown. . . . If in any case the defendant is not present when his or her personal attendance is necessary, the court may order the clerk to issue a bench warrant for the defendant's arrest, which may be served as a warrant of arrest in other cases.

issuing the warrant. The court concluded that to the extent LCrRLJ 4.11 and 4.5.1 allow the district court to require defendants to personally appear at every pretrial hearing, those rules are inconsistent with the state rules and are invalid. The superior court issued a writ of certiorari and quashed the arrest warrant.

The State appeals. Gelinas subsequently resolved his district court case by pleading guilty to the DUI charge and seeks dismissal of this appeal as moot.

ANALYSIS

1.     Mootness

The State concedes this case is technically moot because Gelinas has pleaded guilty to the underlying charge and his criminal case has been resolved. It contends, however, that the ruling "creates great uncertainty and confusion" regarding outstanding warrants issued by Mason County District Court for non-appearances at pretrial hearings and asks us to reach the merits under the public interest exception to the mootness doctrine.

Washington courts consider three factors when determining whether a case presents an issue of continuing and substantial public interest: (1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur. State v. Beaver, 184 Wn.2d 321, 330, 358 P.3d 385 (2015). Washington courts have also periodically applied a fourth factor, "the level of genuine adverseness and the quality of advocacy of the issues." Hart v. Dep't of Soc. and Health Servs., 111 Wn.2d 445, 448, 759 P.2d 1206 (1988).

We deem this case appropriate for applying the public interest exception. First, questions of the interpretation of court rules and a judicial officer's authority to issue arrest warrants, are public issues. Beaver, 184 Wn.2d at 331 (constitutional and statutory interpretation are public in nature); In re Cross, 99 Wn.2d 373, 377, 662 P.2d 828 (1983) (question of judicial officer's authority is public in nature).

Second, deciding the extent of a district court's authority to issue arrest warrants and interpreting the text of CrRLJ 2.5 and 3.4 will no doubt offer future guidance to judicial officers, lawyers, and defendants. See Eyman v. McGehee, 173 Wn. App. 684, 688, 294 P.3d 847 (2013) (despite fact that election had occurred, court considered question of whether county clerk had duty to transmit initiative petition to county auditor because it was "desirable to provide guidance to municipalities for future actions").

Third, the issue of whether a district court has the authority to issue arrest warrants for a defendant's failure to appear at a pretrial hearing is likely to recur. The State acknowledges that the Mason County District Court has altered the boilerplate language on its "order of release and setting court dates." This form order now provides:

> Any hearings checked in this order are necessary hearings. The Defendant's presence, unless waived by the court, is needed to administer the case, determine if the case is going to be settled, and resolve issues of non compliance.

But the State persuasively contends the issue remains alive in the district court because of the pendency of other arrest warrants. We further conclude that the

criminal rules for courts of limited jurisdiction have statewide application and this issue will arise in other jurisdictions.

Gelinas asks us to dismiss the appeal because he has no incentive to litigate the issue. Even when an appeal presents an issue of public interest, we have declined to reach the merits where there was the lack of a genuinely adversary proceeding before the trial court or on appeal affecting the quality of the advocacy. See City of Everett v. Van Dyke, 18 Wn. App. 704, 705-06, 571 P.2d 952 (1977) (court refused to consider city appeal from public records act ruling disclosing personnel file because requesting party did not submit brief in response to city's appeal and case was not presented to trial court in "genuinely adversary" manner).

But the proceeding below was genuinely adversary in nature. Gelinas sought the writ of certiorari and thoroughly briefed the merits of the issue before the superior court. And while Gelinas states he lacks an incentive to litigate this appeal, his counsel has again thoroughly briefed the merits of the arguments before us. We therefore will apply the public interest exception to the mootness doctrine and resolve the legal issue on its merits.

2.    Authority of the district court to issue arrest warrant

The State contends the superior court erred in concluding the district court lacked the authority to issue an arrest warrant under CrRLJ 2.5 or CrRLJ 3.4(c). We disagree.

We review de novo the application of court rules to particular facts. State v. Branstetter, 85 Wn. App. 123, 127, 935 P.2d 620 (1997).

Article IV, section 10 of the Washington State Constitution vests with the legislature the "sole authority to determine the jurisdiction and powers of the district court." State v. Hastings, 115 Wn.2d 42, 49, 793 P.2d 956 (1990). The legislature has exercised this authority by granting to the Supreme Court the power to adopt rules of procedure for district courts. RCW 3.30.080. Although local district courts may adopt their own local rules or procedure, the legislature has limited their power to enact any rules that are inconsistent with rules of statewide application adopted by the Supreme Court. "If the rules of the supreme court authorized under this section are adopted, all procedural laws in conflict with the rules shall be of no effect." RCW 3.30.080.

The Supreme Court has adopted two criminal rules authorizing the issuance of bench warrants by district courts. CrRLJ 2.5 provides that a district court may issue a bench warrant "for the arrest of any defendant who has failed to appear before the court, *either in person or by a lawyer . . . .*" (emphasis added). In this case, Gelinas's attorney appeared at the readiness hearing. Thus, CrRLJ 2.5 did not apply and the rule did not authorize the issuance of the arrest warrant here.

CrRLJ 3.4(c) allows a district court to issue an arrest warrant "in any case the defendant is not present when his or her personal attendance is necessary." CrRLJ 3.4(c) applies only if Gelina's personal attendance at the readiness was "necessary" under that court rule.

CrRLJ 3.4(a) defines "necessary" hearings at which a defendant's presence is required as including the arraignment, every stage of the trial, including the empaneling of the jury and the return of the verdict, and the imposition of sentence.

Although the rule identifies some "necessary" hearings, its list has been deemed non-exclusive. Branstetter, 85 Wn. App. at 128 n.1. In Branstetter, this court held that the word "necessary" in the identical superior court rule, CrR 3.4(c), meant "any situation where, pursuant to court rule or court order, the defendant's presence is required." Id. at 128. The State argues here that, because Gelinas was under a court order to appear in person at the readiness hearing, his presence was "necessary" under CrRLJ 3.4(c), and the district court lawfully issued a bench warrant.

In Branstetter, we analyzed whether the defendant's speedy trial period restarted under former CrR 3.3(d)(2) when he failed to appear at an omnibus hearing he had been ordered to attend. Id. at 125-27. At the time, CrR 3.3(d)(2) provided that the speedy trial period restarted "[w]hen a defendant who has already been arraigned fails to appear for any trial *or pretrial proceeding at which the defendant's presence is required pursuant to [CrR] 3.4.*" (emphasis added). Because CrR 3.4 did not explicitly list the omnibus hearing as "necessary," Branstetter argued his failure to appear at that hearing could not restart the speedy trial clock. Id. at 126.

This court rejected Branstetter's argument, reasoning that CrR 3.3(d)(2)'s reference to "pretrial proceeding . . . pursuant to CrR 3.4" had been interpreted to include a hearing a defendant was under court order to attend. Branstetter, 85 Wn. App at 128. It adopted a broad reading of CrR 3.4(c) to further the drafters' intent to restart the speedy trial period whenever a defendant "absents himself and so prevents the case from proceeding." Id. at 128-129 (quoting State v. Johnson,

56 Wn. App. 333, 338, 783 P.2d 623 (1989)).  Because Branstetter signed an order requiring him to attend the omnibus hearing, he failed to appear for that hearing, and he had no explanation for his absence, we concluded the trial court did not err in restarting the speedy trial period under CrR 3.3(d)(2).  Id. at 129.

More recently, in State v. Moore, 178 Wn. App. 489, 500-501, 314 P.3d 1137 (2013), this court held a defendant's appearance at a status conference or continuance motion hearing was not required under CrRLJ 3.4.  Relying on the reasoning of Branstetter, we concluded that, as a result, the time to trial clock would be reset for a failure to appear only if a court rule or court order made attendance at such a hearing necessary.  Id. at 501. Because there was no court rule or court order finding Moore's attendance at a status conference or a hearing on a motion to continue trial was necessary, we held the district court erred in treating the defendant's absence from those hearings as a waiver of the time to trial rule.  Id. at 502.

Although Branstetter and Moore arose in a different context, their reasoning is instructive.  First, there is no criminal rule of statewide application mandating Gelinas's presence at a "readiness" hearing.  Branstetter acknowledges there may be hearings, other than those listed in CrRLJ 3.4(a) where a defendant's personal presence is necessary to advance the case, but the Supreme Court has not identified "readiness" hearings as "necessary" under CrRLJ 3.4(a) or CrRLJ 3.4(c).

Second, unlike Moore, there was a court order mandating Gelinas's attendance at the readiness hearing.  But the mandate appears in a standard form order setting conditions of Gelinas's release pending trial.  We can find no rule

authorizing a district court to impose, as a condition of release, a defendant's personal appearance at a hearing when such attendance is not necessary to advance the progress of the case. CrRLJ 3.2 provides that an accused "shall be released without conditions" except in case-specific circumstances, none of which appear to apply here. Under CrRLJ 3.2(n), if an accused has been released on his own recognizance and does not appear "when the accused's personal appearance is necessary," the court may direct the issuance of a bench warrant. This rule does not limit its application to hearings identified as "necessary" in CrRLJ 3.4(a) or (c). But because we conclude that under Branstetter and Moore, a hearing is not "necessary" unless the defendant's absence prevents the case from proceeding, a district court cannot condition a defendant's release on their personal appearance at unnecessary hearings under the rules. The Mason County District Court order setting Gelinas's conditions of release mandated his attendance at the readiness hearing, but the State did not show and the district court did not find that his failure to appear in person, rather than through counsel, prevented the court from setting the case for trial as Gelina's counsel requested.

The State argues that the district court's local rules, LCrRLJ 4.11 and 4.5.1, as well as the district court's inherent authority over its courtroom procedures, provided the court with the authority to issue the arrest warrant. We reject these arguments as well.

First, LCrRLJ 4.5.1 only provides that a defendant's presence at a pre-trial hearing is required "where applicable." The rule does not explain when a defendant's mandatory presence is "applicable." And Gelinas's pre-trial hearing

- 10 -

was scheduled for August 8, 2018, and he was present at that hearing. This rule did not apply to Gelinas's non-attendance of the readiness hearing scheduled for August 31, 2018.

Second, while LCrRLJ 4.11 mandates that all defendants attend confirmation hearings in person and authorizes the issuance of arrest warrants for defendants who fail to appear, the rule is inconsistent with CrRLJ 3.4(c) and CrRLJ 3.2(n) because the State made no showing that Gelinas's attendance in person was necessary to ensure the progress of the case. This type of blanket mandate is inconsistent with the state rules and therefore invalid under RCW 3.30.080.

Finally, although courts have the inherent authority to manage the parties and proceedings, State v. Gassman, 175 Wn.2d 208, 209, 283 P.3d 1113 (2012), that authority is not unlimited. And district courts, unlike superior courts, are creatures of the legislature and their authority is limited by statute and Supreme Court rules. The district court may not issue an arrest warrant when not authorized to do so by such rules.

We conclude the superior court did not err in quashing the district court's arrest warrant in this case.

Affirmed.

_Andrus, A.C.J._

WE CONCUR:

_Appelwick, J._

- 11 -