**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53177-1-II |
| Respondent, | |
| v. | |
| JOSEPH LEON FRANTZ, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. – Joseph Leon Frantz appeals his conviction for unlawful possession of a controlled substance - methamphetamine, following the revocation of an order continuing the case for dismissal to allow him to seek substance abuse treatment. He argues that his rule-based right to a timely trial was violated, and the trial court erred when it denied his motion to dismiss. Because the commencement date under CrR 3.3(c) was reset due to Frantz's failure to appear at his final review hearing, we affirm.

FACTS

I. CONTINUANCE FOR DISMISSAL

In April 2016, the State charged Frantz with unlawful possession of a controlled substance, methamphetamine. On June 17, the parties filed a joint motion for continuance for dismissal to allow Frantz to seek substance abuse treatment.

The State agreed to continue the case "to June 15, 2018, for a stipulated trial/final review hearing." Clerk's Papers (CP) at 3. Frantz agreed that his "new commencement date for speedy

trial [was] June 15, 2018, and that [his] new expiration date for speedy trial [was] September 13, 2018." *Id.* at 4. Frantz also agreed to appear for quarterly review hearings and to appear on June 15, 2018 for his "[f]inal [r]eview." *Id.* at 5.

Frantz acknowledged that by entering this agreement, he was waiving his "right to a speedy trial until the date listed above." *Id.* at 4. He further acknowledged that his "failure to appear for any mandatory court date will fall under CrR 3.3." *Id.* Frantz initialed all of the provisions of the agreement in the joint motion and signed the motion.

During the hearing on the joint motion, the trial court advised Frantz that he would be released on his own recognizance until June 15, 2018, that he needed appear for all of the quarterly hearings, and that there would then be a final review hearing on June 15, 2018. Frantz responded that he understood. The trial court granted the joint motion for continuance for dismissal and issued a written order stating that the matter was "continued until June 15, 2018, at 8:30 a.m." *Id.* at 10.

## II. JUNE 15, 2018 FINAL REVIEW HEARING

Frantz failed to appear at the June 15, 2018 final review hearing.[1] At this hearing, the State advised the trial court that Frantz had failed to appear several times prior to the June 15 hearing and requested a bench warrant. The trial court[2] commented that the last record in the case file indicated that the State had struck a November 17, 2017 quarterly review hearing and would "re-note if needed." Supplemental Report of Proceedings (SRP) (June 15, 2018) at 7. The State responded that it "believe[d] that . . . [the State] should terminate review" in this case. *Id.*

---

[1] This hearing also addressed a separate 2015 charge.

[2] The judge at this hearing was not the same judge who had issued the June 17, 2016 order.

Apparently forgetting that the June 15, 2018 final review hearing had been set at the June 17, 2016 hearing and in the written order granting the joint motion for continuance for dismissal, the parties and the trial court appeared confused as to the purpose of the June 15, 2018 hearing. Because there was an existing bench warrant for Frantz in a different case, the trial court continued the matter without issuing a new bench warrant.[3] The trial court stated that it was striking all reviews and that there were "no consequences to Mr. Frantz who didn't need to be [t]here." *Id.* at 8.

### III. MOTION TO REVOKE

On September 27, 2018, 104 days after the June 15 hearing, the State filed a motion to revoke the continuance for dismissal. The State asserted that Frantz had failed to comply with the conditions of the June 17, 2016 continuance for dismissal and had failed to provide proof of compliance with the assessment and treatment requirements. The State noted that Frantz was currently in jail after being on warrant status in another case since May 25, 2018.

At a hearing on October 19, 2018, 126 days after the June 15 hearing, Frantz appeared in court and pleaded not guilty to four new charges. During this hearing, Frantz's counsel asserted that the speedy trial period for the April 2016 charge had expired on September 13, 2018, and that Frantz intended to move to dismiss the April 2016 charge on speedy trial grounds.

The State, which had not been previously advised that Frantz intended to move to dismiss, disputed whether the speedy trial period had run. The trial court commented that Frantz had failed

---

[3] The trial court commented that on November 17, 2017, the State had struck the November 17, 2017 quarterly review hearing and would "re-note if needed." SRP (June 15, 2018) at 7. The only record of the November 17, 2017 hearing before us is the clerk's minutes from that hearing. These minutes do not show that the State struck the June 15, 2018 final review hearing.

to appear at the June 15, 2018 hearing and that a warrant was issued on October 5, so the speedy trial period had likely tolled. But the court continued the matter to allow the State to respond to Frantz's motion to dismiss.

On December 18, Frantz filed a motion to dismiss the April 2016 charge for the alleged violations of the speedy trial rule. At the January 4, 2019 hearing on this motion, Frantz asserted that the trial court's "strik[ing]" the June 15, 2018 hearing "excused" him from having to appear at that hearing, so the speedy trial clock had continued to run and the speedy trial period expired on September 15 or 18, well before the State filed its motion to revoke his continuance. Report of Proceedings (RP) at 27-28, 34. The State responded that there was no speedy trial issue because Frantz's failure to appear on June 15, 2018 reset the commencement date under CrR 3.3(c)(2(ii) and the new commencement date was Frantz's next appearance, which was on October 15.[4] The trial court concluded that the speedy trial period had not expired and denied Frantz's motion to dismiss the charges.

Ten days later, the State filed an amended motion to revoke the continuance for dismissal. The trial court granted the motion and revoked the continuance for dismissal. Following a stipulated facts bench trial, the trial court found Frantz guilty of unlawful possession of methamphetamine.

Frantz appeals the denial of his motion to dismiss and his conviction.

---

[4] In its motion to revoke the order for continuance of dismissal, the State alleged that Frantz's next appearance was on October 18, not October 15. The appellate record does not contain any records of any hearings on October 15 or 18.

ANALYSIS

Frantz argues that the trial court erred when it denied his motion to dismiss because the rule-based speedy trial period under CrR 3.3 had expired before the trial date because he was not required to appear at the June 15, 2018 hearing. We disagree.

We review the trial court's denial of a motion to dismiss for abuse of discretion. *State v. Michielli*, 132 Wn.2d 229, 240, 937 P.2d 587 (1997). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or for untenable reasons; this standard is also violated when a trial court applies the wrong legal standard. *Id.*; *State v. Dixon*, 159 Wn.2d 65, 76, 147 P.3d 991 (2006). Because it is a question of law, we review de novo whether the trial court correctly applied a court rule to a particular set of facts. *State v. Kindsvogel*, 149 Wn.2d 477, 480, 69 P.3d 870 (2003); *State v. Thomas*, 146 Wn. App. 568, 571, 191 P.3d 913 (2008); *see also State v. Bobenhouse*, 143 Wn. App. 315, 322, 177 P.3d 209 (2008) ("We review the application of the [time-for-]trial rules de novo."), *aff'd*, 166 Wn.2d 881, 214 P.3d 907 (2009).

Generally, a criminal defendant must be brought to trial within 60 days from the commencement date if the defendant is in custody or 90 days from the commencement date if the defendant is out of custody. CrR 3.3(b)(1)(i), (2). The initial commencement date for purposes of the speedy trial rule is the date of arraignment, but the commencement date may be reset for a variety of reasons. CrR 3.3(c)(1), (2).

CrR 3.3(c)(2) provides, in part:

> *Resetting of Commencement Date*. On occurrence of one of the following events, a new commencement date shall be established, and the elapsed time shall be reset to zero. If more than one of these events occurs, the commencement date shall be the latest of the dates specified in this subsection.

(i) *Waiver.* The filing of a written waiver of the defendant's rights under this rule signed by the defendant. The new commencement date shall be the date specified in the waiver, which shall not be earlier than the date on which the waiver was filed. If no date is specified, the commencement date shall be the date of the trial contemporaneously or subsequently set by the court.

(ii) *Failure to Appear*. The failure of the defendant to appear for any proceeding *at which the defendant's presence was required*. The new commencement date shall be the date of the defendant's next appearance.

(Emphasis added).

Frantz does not dispute that the June 17, 2016 waiver established a new commencement date of June 15, 2018. Instead, he asserts that the trial court erroneously relied on CrR 3.3(c)(2)(ii) to reset the commencement date to his first appearance following the June 15, 2018 hearing because the trial had court determined that Frantz was not required to appear at the June 15, 2018 hearing.

Although the parties and the trial court were confused about the reason for the June 15, 2018 hearing and had apparently forgotten about or were unaware of the June 17, 2016 order, the record shows that the June 17, 2016 order *required* Frantz to appear on June 15, 2018 for his final review hearing. *See State v. Branstetter*, 85 Wn. App. 123, 129, 935 P.2d 620 (1997) ("speedy trial period" restarts when a defendant is absent from a hearing he was ordered to attend). And there is nothing in the record showing that this hearing was stricken.

Even though the trial court later stated that there would be "no consequences" related to Frantz's failure to appear, at no point during the June 15, 2018 hearing did the trial court mention the available remaining time for trial. Furthermore, Frantz does not cite any authority demonstrating that a failure to appear as ordered can be excused for purposes of CrR 3.3 by a trial court's subsequent mistaken decision to strike that hearing, and we are "'not required to search out

authorities, but may assume that counsel, after diligent search, has found none.'"[5] *State v. Logan*, 102 Wn. App. 907, 911 n.1, 10 P.3d 504 (2000) (quoting *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)).[6]

Frantz failed to appear for the June 15, 2018 final review hearing as required by the June 17, 2016 order. His failure to appear triggered CrR 3.3(c)(2)(ii),[7] and reset the commencement date to the date of Frantz's next appearance, which was apparently in October 2018. Accordingly,

---

[5] Frantz cites only to *State v. Kenyon*, 167 Wn.2d 130, 216 P.3d 1024 (2009), for the standard of review, and to *State v. Raschka*, 124 Wn. App. 103, 100 P.3d 339 (2004), to support his argument that the time-for-trial period had expired before the State took any action to ensure that the case was properly calendared after the speedy trial clock started to run on June 15, 2018. Neither *Kenyon* nor *Raschka* are relevant to whether Frantz's failure to appear stopped the speedy trial clock.

[6] It is worth noting that Frantz, because of his failure to appear at the June 15, 2018 hearing, did not know that the trial court mistakenly struck his hearing. As far as Frantz knew, he was required to appear at the June 15, 2018 hearing.

[7] We note that Frantz does not argue that CrR 3.3(c)(2)(ii) does not apply because his failure to appear at the June 15, 2018 hearing was excusable. *See State v. George*, 160 Wn.2d 727, 739, 158 P.3d 1169 (2007) ("'[F]ailure to appear' refers to a defendant's unexcused absence from a court proceeding.").

Frantz does not show that the trial court violated his right to a speedy trial, and the trial court did not abuse its discretion in denying his motion to dismiss. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

MAXA, P.J.

GLASGOW, J.